IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ALICE MAE BRADLEY,

          Plaintiff,

v.                               CIVIL ACTION NO. 2:11-cv-00976

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

      Before the Court is Plaintiff Alice Mae Bradley's Complaint seeking review of the decision of the Acting Commissioner of Social Security ("Commissioner") [ECF 2]. By standing order entered September 2, 2010 and filed in this case on December 12, 2011, this action was referred to United States Magistrate Judge Mary E. Stanley for submission of proposed findings and a recommendation for disposition ("PF&R"). Magistrate Judge Stanley entered a PF&R [ECF 14] on January 15, 2013, recommending that this Court affirm the final decision of the Commissioner and dismiss this matter from the Court's docket. Plaintiff filed timely objections to the PF&R on January 29, 2013.

*I.    BACKGROUND*

      Plaintiff filed an application for widow's insurance benefits ("WIB") on May 2, 2008, alleging disability as of March 17, 2008 due to knee pain, diabetes, high blood pressure, depression, high cholesterol, and arthritis. The complete factual and procedural history of this case is thoroughly set forth in the PF&R and need not be repeated here.

The PF&R rejected Plaintiff's argument that the decision of the administrative law judge ("ALJ") was not supported by substantial evidence. The magistrate judge proposed that this Court find that (1) the ALJ's determination that Plaintiff's back impairment was non-severe is supported by substantial medical evidence of record, and (2) the ALJ appropriately included the relevant limitations that Plaintiff's impairments that placed on her ability to perform work-related functions in assessing her residual functional capacity. (ECF 14 at 17.)

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 72(b)(3), the Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." The Court is not required to review, de novo or by any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

The Court has a narrow role in reviewing claims brought under the Social Security Act. Its review is limited to determining whether the contested factual findings of the Commissioner are supported by substantial evidence and were reached through application of correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion[.]'" *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). If substantial evidence exists, the Commissioner's final decision must be affirmed. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

### III.   DISCUSSION

In her objection to the PF&R, Plaintiff claims that the magistrate judge erred in finding that the ALJ's classification of her back pain and associated leg pain as "non-severe" was supported by substantial evidence.  Plaintiff cites the "slight abnormality" standard set forth in Social Security Ruling 96-3p for support of this argument.  Under that regulation, an impairment is properly classified as "non-severe" where it "has no more than a minimal effect on the ability to do basic work activities."  SSR 96-3p (July 2, 1996).  Plaintiff claims that the ALJ failed to follow this "slight abnormality" standard because the record demonstrates that her lower back and leg pain is constant and has more than a minimal effect on her ability to do basic work activities.

Plaintiff identifies both objective and subjective evidence that she claims demonstrates that her back and leg pain were more than slight abnormalities.  First, she references an x-ray that showed degenerative changes in her lower back and a progress note in which her treating physician opined that Plaintiff's leg pain may be a result of osteoarthritis in her back.  Plaintiff apparently relies on this evidence to conclude that her leg pain originated in her spine.  Second, Plaintiff notes that she testified at the hearing before the ALJ that her leg pain bothers her daily and that "on the bad days the pain is so bad she cannot lie still."  (ECF 15 at 2.)

Substantial evidence supports the ALJ's decision.  Plaintiff did not allege a back impairment in her application for benefits.  In several documents submitted in connection with her application, Plaintiff identifies knee pain, diabetes, high blood pressure, depression, high cholesterol, and arthritis as conditions that limit her ability to work.  No mention is made of back pain.  (ECF 9-6 at 136, 156-61, 183, 188-94.)  Plaintiff also did not report back or leg pain during physical examinations subsequent to her application for benefits.  On August 4, 2008,

Plaintiff underwent a consultative examination with Dr. Roger C. Baisas. As reported to Dr. Baisas, Plaintiff's chief medical complaints were "pain in knees, diabetes, high blood pressure, depression, high cholesterol and arthritis." (ECF 9-8 at 251.) Again, Plaintiff made no reference to back or leg pain. Dr. Baisas's physical examination did not reveal any back impairment. Dr. Baisas found that Plaintiff walked normally, had full range of motion in her back, and had normal muscle strength in her extremities. Her straight-leg raise tests were negative.

Plaintiff did complain of leg and, later, back pain during her visits with her primary care provider at Harts Health Center ("Harts"). On June 9, 2009, Plaintiff visited Harts with reports of pain in her hips and legs, though she denied pain above her waist. She first complained of lower back pain during a return visit to Harts on July 21, 2009—over a year after her alleged disability onset date. An x-ray taken of Plaintiff's back on that date revealed multilevel degenerative changes. While Plaintiff relies on this x-ray to claim that the ALJ's decision was made in error, the ALJ specifically referenced this x-ray in setting forth his findings that Plaintiff's back pain and leg pain are non-severe impairments. There is no clinical evidence that the degenerative changes revealed by the x-ray significantly impaired Plaintiff's functional ability. It also appears that while Plaintiff's provider suggested that she obtain an MRI of her lumbar spine, Plaintiff did not pursue this. A progress note from a follow-up appointment on January 11, 2010 does not mention degenerative disc disease of the spine and contains no reports of back pain. The note includes a diagnosis of osteoarthritis of the hips and knees, but states that Plaintiff had not been taking medication for this condition.

Finally, Plaintiff's own testimony from the administrative hearing contradicts her assertion that her back and leg impairments significantly limited her ability to perform basic work activities. Plaintiff twice denied having back pain in response to questioning by the ALJ.

4

(ECF 9-2 at 39, 44.) Plaintiff also testified that ibuprofen and heat from the tanning bed helped to relieve her leg pain. The magistrate judge thoroughly reviewed this and other evidence in concluding that substantial evidence supported the ALJ's disability determination. The Court therefore **FINDS** that there is substantial evidence to support the Commissioner's finding that Plaintiff's back and leg pain are not severe impairments and that the ALJ properly treated these impairments as having no more than a minimal effect on Plaintiff's ability to work.

## IV. CONCLUSION

Accordingly, the Court **ADOPTS** the PF&R [ECF 14], **OVERRULES** Plaintiff's objections [ECF 15], **AFFIRMS** the final decision of the Commissioner, **DISMISSES** the Complaint [Docket 2], and **DIRECTS** the Clerk to remove this case from the Court's docket. A separate Judgment Order will enter this day implementing the Court's judgment.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 14, 2013

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE